IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE MIGUEL HILARIO,
Inmate No. 05994-070,
    Plaintiff,

vs.                                                   Case No.:  5:15cv141/MMP/EMT

A. LOPEZ,
    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

        Plaintiff, an inmate of the federal Bureau of Prisons ("BOP"), commenced this case on June 16, 2015, by filing a complaint under 28 U.S.C. §§ 1331, 1346 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (ECF No. 1).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); and Fed. R. Civ. P. 72(b).  Upon consideration, for the reasons given below, the court recommends that this action be dismissed.

        Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for

the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

In the instant case, the court granted Plaintiff's motion to proceed in forma pauperis ("IFP"), but did so based solely upon the monetary information Plaintiff supplied in his IFP motion (ECF No. 11) and the prior litigation history he supplied in his amended complaint (*see* ECF No. 4).[1] Upon further review, however, the court deems it necessary to vacate its IFP order.

The court takes judicial notice of several federal civil actions previously filed by Plaintiff, while incarcerated, which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Hilario v. English, No. 5:13cv305/RS/EMT, Order (N.D. Fla. Aug. 4, 2014) (dismissing civil complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to exhaust administrative remedies); Hilario v. English, No. 5:13cv357/RS/GRJ, Order (N.D. Fla. Nov. 19, 2013) (dismissing civil complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim and because complaint was frivolous and sought relief against defendants who were immune from suit, and noting that case counts as a "strike" for purposes of 28 U.S.C. § 1915(g)); Hilario v. Rupper, No. 1:13cv1757-NLH-KMW, Order (D.N.J. Sept. 22, 2014) (granting motions to dismiss and dismissing all claims against defendants for reasons set forth in accompanying opinion, which concluded that plaintiff's allegations failed to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii)); and Hilario v. Swift, No. 1:15cv285/ARR-LB, Opinion and Order (E.D.N.Y. Mar. 4, 2015) (dismissing civil complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)). Accordingly, Plaintiff may not litigate this case in forma pauperis unless he

---

[1] Plaintiff did not disclose any of his litigation history in his initial complaint (*see* ECF No. 1), and he disclosed only two of his "strikes" in his amended complaint (*see* ECF No. 4 at 3–5). The court discovered Plaintiff's additional "strikes" after searching records of his prior federal cases to determine whether judicial officers had, on any additional prior occasions, entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness, or failure to state a claim upon which relief may be granted.

Case No.: 5:15cv141/MMP/EMT

demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown, *supra*.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350. Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff alleges that two years ago, while he was housed at the Federal Correctional Institution ("FCI") in Marianna, Florida, a correctional officer, Defendant Lopez,

sexually assaulted him (ECF No. 4 at 5–8).[2]  Plaintiff seeks monetary damages and an injunction requiring the BOP to provide "secure, confidential, off-site counseling" (*id.* at 7).  Plaintiff's complaint does not include specific factual allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.  Therefore, he failed to demonstrate he qualifies to proceed under the imminent danger exception of § 1915(g).

Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, the court will vacate its previous order granting Plaintiff's motion to proceed in forma pauperis (*see* ECF Nos. 11, 12), direct the clerk of court to apply Plaintiff's partial filing fee payment to another of his cases, and recommend that this case be dismissed.  Leave should not be provided to allow Plaintiff to pay the filing fee in full; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  *See* Dupree, 284 F.3d at 1236.  Dismissal will be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

1.	The court's August 28, 2015 order granting Plaintiff's motion to proceed in forma pauperis (*see* ECF No. 12) is hereby **VACATED**.

2.	Plaintiff's motion to proceed in forma pauperis (ECF No. 11) is **DENIED**.

3.	The clerk of court shall mail a copy of this Order and Report and Recommendation to:  FCI Bennettsville, P.O. Box. 52020, Bennettsville, SC 29513, Attention:  Agency Clerk.  The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for Case No. 5:15cv141/MMP/EMT.  The clerk of court shall apply Plaintiff's initial partial filing fee payment of $19.16 to Case No. 5:13cv305/RS/EMT.

And it is respectfully **RECOMMENDED**:

---

[2] At the time Plaintiff initiated this action, in June of 2015, he was housed at FCI Oakdale, in Oakdale, Louisiana (*se*e ECF No. 1 at 7).  He has since been transferred and is presently housed at Bennettsville FCI in Bennettsville, South Carolina (*see* ECF No. 9).

Case No.:  5:15cv141/MMP/EMT

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 7th day of October 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**